UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEMARIO WADE-BEY,

               Petitioner,

                                               CASE NO. 1:19-CV-522

v.

                                               HON. ROBERT J. JONKER

RANDEE REWERTS,

               Respondent.

_____/

## **ORDER**

On April 14, Magistrate Judge Green issued a Report and Recommendation (ECF No. 19) recommending that Petitioner's habeas petition be denied. Having received no objections within the fourteen-day window, the Court adopted the Report and Recommendation and entered Judgment on May 11, 2020. (ECF Nos. 20, 21.) The matter is now before the Court on Petitioner's motions for relief from judgment and objections to the Report and Recommendation.

    **1.**      **MOTIONS FOR RELIEF FROM JUDGMENT**

On May 26, 2020, Petitioner filed a Motion to Reopen case (ECF No. 23) and Motion for Re-hearing (ECF No. 25). The Court construes the motions as motions for relief from judgment under Rule 60(b) and **GRANTS** the motions to the extent Petitioner seeks such relief. Under Rule 60(b)(1), the Court may relieve a party from a final judgment, order, or proceeding based on "mistake, accident, surprise, or excusable neglect." The record did not reflect any objection on file as of May 11, 2020, but that is because the objection Petitioner actually mailed on April 25 was held at the Post Office in Kalamazoo, Michigan and was not delivered to the Court until mid-May

due to logistical complications related to Covid-19. Relief under Rule 60(b)(1) is proper here, and the Court treats the Objections as timely filed. [1]

### 2.    OBJECTIONS TO REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation of the Magistrate Judge (ECF No. 19) and Petitioner's Objections (ECF No. 22). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 Wright, Miller, & Marcus, *Federal Practice and Procedure* § 3070.2, at 381 (2 ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's Objections. The Court finds the Magistrate Judge's Report and Recommendation (ECF No. 19) factually sound and legally correct.

The Magistrate Judge recommends denying Petitioner's habeas petition on its merits.  In his Objections, Petitioner primarily reiterates arguments and conclusory statements he made in his original petition. The Report and Recommendation already carefully, thoroughly, and accurately

---

[1] To the extent Petitioner seeks recusal or a change of venue based on alleged bias, the Court **DENIES** the request. There is no basis to conclude there was any bias in the Court's earlier ruling. Moreover, alleged biases based on unfavorable rulings alone are not enough to justify recusal anyway. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003).

addresses Petitioner's arguments and claims. Petitioner does not engage the Report and Recommendation's analysis in any persuasive way. Nothing in Petitioner's Objections changes the fundamental analysis. The Court agrees with the Magistrate Judge's conclusion that the habeas petition must be denied on the merits, for the very reasons the Report and Recommendation details.

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court does not believe that reasonable jurists would find the Court's assessment of the claims Petitioner raised debatable or wrong.

**ACCORDINGLY, IT IS ORDERED**:

1.     Petitioner's Motion to Reopen Case (ECF No. 23) and Motion for Re-Hearing (ECF No. 25) are **GRANTED** to the extent consistent with this Order and **DENIED** in all other respects.

2.     The Court's Order Approving Report and Recommendation dated May 11, 2020 (ECF No. 20) and Judgment dated May 11, 2020 (ECF No. 21) are **VACATED**.

3.      The Report and Recommendation of the Magistrate Judge (ECF No. 19) is

**APPROVED AND ADOPTED** as the opinion of the Court.

4.      Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**.

5.      Petitioner's request for a certificate of appealability is **DENIED**.


Dated:   ___June 3, 2020___                    /s/ Robert J. Jonker
                                               ROBERT J. JONKER
                                               CHIEF UNITED STATES DISTRICT JUDGE